IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| Simeon Boyd, | ) | Case No.: 0:26-cv-01335-JD-PJG |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| South Carolina, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

This matter is before the Court for review of the Order and Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 12.) The Report recommends dismissing this action without prejudice and without requiring Respondent to file a return.[1] The time for filing objections has expired, and no objections have been filed.

A.    **Background**

Petitioner is a state pretrial detainee confined at the Berkeley County Detention Center. Although he captioned his filing as a petition under 28 U.S.C. § 2254, the Magistrate Judge properly construed it under 28 U.S.C. § 2241 because Petitioner challenges pretrial detention rather than custody pursuant to a state-court

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

judgment. Petitioner alleges that his continued detention violates the Fourteenth Amendment and asks this Court to order his release on bond pending trial.

The state court record reflects that Petitioner's counsel filed a motion to set bond on December 17, 2025, which the state court denied on January 5, 2026, and that earlier bond and reconsideration requests were also considered and denied. The Court has further confirmed through publicly available state court and detention records that Petitioner's criminal charges remain pending and that he remains detained. Thus, the state criminal proceedings were ongoing when this action was filed and remain ongoing.

## B.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before

accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.     Discussion

### 1.     Exhaustion of Available State Remedies

A state pretrial detainee may invoke § 2241 to challenge the legality of his detention, but principles of federalism and comity ordinarily require him first to afford the state courts a fair opportunity to address the federal claim through available state procedures. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–93 (1973). The Fourth Circuit has emphasized that, until the State has received a fair opportunity through an available and appropriate procedure to consider the federal issue and afford relief if warranted, a federal habeas court should stay its hand. *See Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976). Doubts concerning whether a federal claim has been fairly presented through the proper state procedure weigh against a finding of exhaustion. *Id.* at 1042.

The record shows that state courts have considered multiple requests concerning Petitioner's bond. But it does not demonstrate that Petitioner fairly presented the federal constitutional claim asserted here through the available state procedures or completed available state review. Petitioner, therefore, has not established exhaustion of his available state remedies. Dismissal without prejudice is appropriate on that ground.

### 2.     Younger Abstention

Dismissal is independently warranted under *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts generally must exercise the jurisdiction conferred upon them, but *Younger* recognizes a narrow exception barring federal interference with certain ongoing state proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). The Supreme Court has limited *Younger* to three exceptional categories, the first and core category being ongoing state criminal prosecutions. *Id.* at 78.

This action falls squarely within that core category. Petitioner is a defendant in ongoing state criminal prosecutions and asks this Court to direct his release on bond. Granting that relief would directly interfere with the State's administration of those prosecutions. The pending criminal matters also implicate the State's compelling interest in enforcing its criminal laws and administering its criminal justice system.

The state proceedings provide an adequate opportunity for Petitioner to present his constitutional challenge. Federal courts presume that state tribunals are competent to safeguard federal constitutional rights unless state law clearly forecloses presentation of the claim. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431–37 (1982). Petitioner has not shown that the state courts are unavailable to consider his federal bond claim. Nor has he alleged facts establishing bad faith, harassment, a patently unconstitutional statute, or another extraordinary circumstance that would justify federal intervention. *See id.*

at 435–37. His disagreement with the state courts' bond rulings, without more, does not establish an exception to *Younger*.

Accordingly, because Petitioner seeks federal intervention in ongoing state criminal proceedings and has not demonstrated extraordinary circumstances, the Court must refrain from interfering at this stage. This conclusion is procedural and does not decide the ultimate merits of any properly exhausted constitutional challenge to Petitioner's detention or bond.

**D.    Certificate of appealability**

A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When relief is denied on procedural grounds, the petitioner must show both that reasonable jurists would find the procedural ruling debatable and that the petition states a debatable claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made the required showing. The Court, therefore, denies a certificate of appealability.

**E.    Conclusion**

Accordingly, the Court **ADOPTS** the Report's recommended disposition, as supplemented and modified by this Order. The Petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state remedies and, independently, under *Younger v. Harris*, without requiring Respondent to file a return. A certificate of appealability is **DENIED**. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court

within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).